IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND LARA,

        Petitioner,               No. 2:09-cv-1966-FCD-JFM (HC)

    vs.

J. HARTLEY,

        Respondent .         <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner claims that his constitutional rights have been violated by the California Board of Parole Hearings' (Board) application of certain provisions of state law to aggravate the facts of his underlying criminal offense with facts not found by a jury and to deny him good time conduct credits. This matter is before the court on respondent's motion to dismiss for lack of jurisdiction.[1] Specifically, respondent contends that petitioner has failed to refer to any specific parole consideration hearing

---

[1] Petitioner has filed two motions related to respondent's motion to dismiss. By the first, filed December 3, 2009 and styled as a motion to "discharge petitioner from unlawful restraint", petitioner seeks release from custody on the ground that respondent allegedly failed to serve him with the motion to dismiss. By the second, filed January 4, 2010, petitioner requests that the court disregard respondent's reply brief as not timely filed. Neither motion has merit and both will be denied.

1

in his petition or to otherwise demonstrate that his continuing incarceration is attributable to application of the challenged provisions of state law.  In his opposition, petitioner concedes that he is not challenging a particular parole decision.

Section 2254(a) of Title 28 of the United States Code provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  The "in custody" requirement of § 2254 is jurisdictional.  See Bailey v. Hill, __ F.3d __, 2010 WL 1133435 (9th Cir. 2010), slip op. at 2.

> The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*," (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.  See Dickerson v. United States, 530 U.S. 428, 439 n. 3, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ("Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.' " (quoting 28 U.S.C. § 2254(a))).

Bailey, slip op. at 3.  The requirement that there be a nexus between a claim and unlawful custody ensures a nexus between violation of federal law and any available remedy.  See id.[2]

Here, the petition contains only general allegations of actions by the Board and petitioner expressly disavows any challenge to a particular decision by the Board.  Although the allegations of the petition suggest that the Board has taken action that has adversely impacted petitioner's custody, it is unclear from the petition when that action was taken or whether the Board has applied any of the state laws challenged in the petition to petitioner at any time.  In the

---

[2] In Bailey, the United States Court of Appeals for the Ninth Circuit held that there was an insufficient nexus between custody and a restitution order to permit a challenge to such an order in a § 2254 proceeding.

absence of such allegations, petitioner has not adequately alleged a nexus between his claims and his custody.

For the foregoing reason, the petition must be dismissed. The court will, however, grant petitioner leaver to file an amended petition. If petitioner chooses to amend his petition, he must specifically allege how and when the Board took the action against him that he challenges by this action. Failure to comply with this order will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's November 19, 2009 motion to dismiss is granted;

2. Petitioner's December 3, 2009 motion is denied;

3. Petitioner's January 4, 2010 motion is denied;

4. Petitioner's petition for writ of habeas corpus is dismissed with leave to file an amended petition;

5. Within thirty days from the date of this order, petitioner shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Petition.

6. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

7. Petitioner is cautioned that failure to file an amended petition pursuant to this order may result in the dismissal of this action; and

/////
/////
/////
/////
/////

1      8. The Clerk of the Court is directed to send petitioner the court's form for
2  application for writ of habeas corpus.
3  DATED: April 22, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
lara1966.mtd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LARA,<br><br>          Petitioner,<br><br>     vs.<br><br>J. HARTLEY,<br><br>          Respondent.<br>_____/ | No. 2:09-cv-1966-FCD-JFM (HC)<br><br><br><br>NOTICE OF AMENDMENT |

   Petitioner hereby submits the following document in compliance with the court's order filed _____:

   _____  Amended Petition

DATED:

                   _____
                   Petitioner